FILED
SUPERIOR COURT
OF GUAM

2022 AUG 11 PM 5: 24

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>v.<br><br>**PATRICK MUNA CASTRO**<br>(*aka* **PAT**),<br>DOB: 10/01/1975<br><br>Defendant. | **Criminal Case No. CF0274-22**<br>GPD Report Nos. 22-04362 / 22-11153 /<br>22-11159<br><br>**DECISION AND ORDER**<br>**FINDING DEFENDANT NOT COMPETENT**<br>**TO STAND TRIAL AND ACCEPTING**<br>**PLEA OF NOT GUILTY BY REASON**<br>**OF MENTAL ILLNESS, DISEASE,**<br>**OR DEFECT** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 23, 2022 for a Competency Hearing. Assistant Attorney General Dannis Le represents the People, and Alternate Public Defender Peter Santos represents Patrick Muna Castro (*aka* Pat) ("Defendant"). Having duly considered the Defendant's Forensic Evaluation, the parties' oral arguments, and the applicable law, the Court now issues the following Decision and Order and **finds Defendant not competent to stand trial and accepts Defendant's plea of Not Guilty by Reason of Mental Illness, Disease, or Defect.**

## BACKGROUND

On May 5, 2022, Defendant was indicted on Charge One: Aggravated Assault (as a 3rd Degree Felony) with *Special Allegation*: Possession or Use of a Deadly Weapon in the Commission of a Felony, Charge Two: Aggravated Assault (as a 3rd Degree Felony) with *Special Allegation*: Possession or Use of a Deadly Weapon in the Commission of a Felony, Charge Three: Family Violence (as a 3rd Degree Felony) with *Special Allegation*: Possession or Use of a Deadly Weapon in the Commission of a Felony, Charge Four: Possession of a Firearm without a Firearm

Decision and Order Finding Defendant Not Competent to Stand Trial and Accepting Plea of Not Guilty by Reason of
Mental Illness, Disease, or Defect
CF0274-22, *People of Guam v. Patrick Muna Castro*
Page 1 of 5

Identification Card (as a 3rd Degree Felony) (*Two Counts*), and Charge Five: Possession of an Unregistered Firearm (as a 3rd Degree Felony) (*Two Counts*). See Indictment (May 5, 2022). Defendant allegedly attacked his ex-girlfriend Natasha Juliet, using a pickup truck to strike Natasha's vehicle. Id. Defendant allegedly also had multiple unregistered firearms in his possession at the time of his arrest. Id.

On May 20, 2022, Defendant pled Not Guilty by Reason of Mental Illness, Disease, or Defect. See Minute Entry (May 20, 2022). Pursuant to 9 G.C.A. §7.25, the Client Services and Family Counseling Division of the Superior Court of Guam ("CSFC") arranged for Defendant to undergo a forensic evaluation with a qualified psychologist. See Order for Forensic Evaluation (May 23, 2022).

On June 10, 2022, Defendant underwent his forensic evaluation with Dr. Juan Rapadas, an expert clinical psychologist at CSFC. See Forensic Evaluation at 2 (Jun. 15, 2022).

The Court held a hearing on June 23, 2022 to determine Defendant's competency to stand trial and to review his plea. After hearing the arguments of the parties, the Court took the matter under advisement. See Minute Entry (Jun. 23, 2022).

## DISCUSSION

"A defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness... he is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." See 9 G.C.A. § 7.37(a)(1)-(4).

Defendant appeared only somewhat grounded to reality throughout the ninety-minute forensic evaluation. See Forensic Evaluation at 4 (Jun. 15, 2022). Defendant's speech flow and quality were slowed but understandable. Id. at 5. Defendant was able to properly organize his thoughts, but his emotions did not match the mood and circumstances of his answers (*i.e.*, laughing when talking about sad topics and crying when talking about happy topics). Id. at 5. Defendant also had difficulty holding conversation, often appearing confused and lost while struggling to find

Decision and Order Finding Defendant Not Competent to Stand Trial and Accepting Plea of Not Guilty by Reason of Mental Illness, Disease, or Defect
CF0274-22, *People of Guam v. Patrick Muna Castro*
Page 2 of 5

words. Id. at 3-4. Defendant was aware of his cognitive deficiencies, routinely displaying sorrow and apologizing for his memory lapses and shortfalls. Id. at 5. Defendant also struggled with both short and long-term memory. Id. at 3-5. Defendant was unable to remember many important details of his life, such as what decade he graduated high school or who his immediate family members were. Id. at 3.

It is noteworthy that Defendant was hit by a car five or six years ago. Id. at 3. As a result of this accident, Defendant suffered a traumatic brain injury and experiences both memory and concentration problems. Id. at 4-5. Defendant is now at risk for developing early onset Alzheimer's disease. Id. at 4. Defendant has reported memory gaps and a "big emptiness" in his mind ever since this accident. Id. at 3.

Defendant also has a long history of using illegal drugs, having been diagnosed with both methamphetamines use disorder and cocaine use disorder. Id. at 4. Defendant also habitually uses marijuana as a self-medication following his car accident. Id. at 4.

Defendant underwent a Montreal Cognitive Assessment ("MOCA") during his forensic examination, which is a brief test used to gage the Defendant's current orientation, object registration, attention, memory, and language recognition skills. Id at 5. Defendant only scored a 16/30 on the MOCA, which signals he "is clearly and overtly suffering from overall cognitive weaknesses and/or memory issues." Id. at 5.

Additionally, Defendant took an Inventory of Legal Knowledge ("ILK") Test, which gages the Defendant's ability to understand legal information shared with them. Id. at 6. It's clear that Defendant's understanding of criminal proceedings is deficient. Defendant's ILK score was similar to that of someone randomly guessing each answer. Id. at 6. However, Dr. Rapadas believes that Defendant was genuinely trying to answer the questions, and that Defendant's score reflects his significant neurocognitive disorder and brain injury. Id. at 6. Defendant could not recall the name

Decision and Order Finding Defendant Not Competent to Stand Trial and Accepting Plea of Not Guilty by Reason of Mental Illness, Disease, or Defect
CF0274-22, *People of Guam v. Patrick Muna Castro*
Page 3 of 5

of his judge, lawyer, or when his next hearing was. Id. at 7. Defendant also struggled defining basic legal concepts such as the role of a jury. Id. at 7. It is not clear Defendant even understands the charges against him or why he was arrested. Id. at 7.

Taking all data in total, Defendant is currently not competent to be proceeded against or to be sentenced. Defendant's low MOCA and ILK Test results all indicate he is struggling with major cognitive weaknesses. It is clear that Defendant cannot rationally engage in conversation with his attorney due to his difficulty holding conversation, serious memory problems, and an inability to retain any legal advice provided to him. Therefore, Defendant cannot meaningfully participate in building his legal defense strategy.

It is unlikely that Defendant will ever be restored to competency, as the accident was several years ago and Defendant remains "very far from his normal baseline functioning before the accident." Id. at 8. Defendant's neurocognitive abilities will likely deteriorate if anything, given Defendant's susceptibleness to premature Alzheimer's disease. Id. at 8. Therefore, transfer to Mental Health Court is appropriate so that Defendant can work on controlling his behavior with the help of the Guam Behavioral Health and Wellness Center.

## CONCLUSION

For the reasons started above, the Court makes the following findings of fact and conclusions of law:

- Defendant is currently not competent to stand trial and possesses neither the mental competency "(1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." See 9 G.C.A. § 7.37(a)(1)-(4).

- The Court accepts Defendant's plea of Not Guilty by Reason of Mental Illness, Disease, or Defect.

Decision and Order Finding Defendant Not Competent to Stand Trial and Accepting Plea of Not Guilty by Reason of Mental Illness, Disease, or Defect
CF0274-22, *People of Guam v. Patrick Muna Castro*
Page 4 of 5

- Defendant's case will be transferred to Mental Health Court.

**IT IS SO ORDERED** this ___August 11, 2022___.


HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

Decision and Order Finding Defendant Not Competent to Stand Trial and Accepting Plea of Not Guilty by Reason of
Mental Illness, Disease, or Defect
CF0274-22, *People of Guam v. Patrick Muna Castro*
Page 5 of 5